UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

ALEXIS ROCHA, a married woman,

Plaintiff,

v.

ASURION, LLC, a foreign limited
liability company,

Defendant.

Case No. [_____]

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

28 U.S.C. § 1332(A), 1441, 1446(C)

**TO:        Clerk of the Court;**

**AND TO:   Alexis Rocha, Plaintiff;**

**AND TO:   Michelle K. Fossum, Plaintiff's attorney of record:**

PLEASE TAKE NOTICE that Defendant ASURION, LLC ("Defendant" or "Asurion"), by this Notice, now effects the removal of the state action (filed on November 28, 2023, Cause No. 23-2-05081-32) described below from the Superior Court of the State of Washington in and for the County of Spokane to the United States District Court for the Eastern District of Washington at Seattle. This removal

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant provides the following information:

## I.    <u>JURISDICTION</u>

1.    This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Asurion, LLC is the only Defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    <u>PLEADINGS</u>

2.    On November 28, 2023, Plaintiff initiated a civil action in Spokane County Superior Court by filing a copy of the Summons and Complaint with that Court. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit 1** to the Declaration of Alyesha Asghar ("Asghar Decl."). Asghar Decl. Ex. 1. A true and correct copy of the Summons is attached as **Exhibit 2**. Asghar Decl. Ex. 2. On November 28, 2023, the Spokane County Superior Court issued a Case Assignment Notice and Order. A true and correct copy of the same is attached as

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 2

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

**Exhibit 3**. Asghar Decl. Ex. 3. A true and correct copy of the Declaration of Service of the Summons and Complaint on Defendant, served December 22, 2023, is attached as **Exhibit 4**. Asghar Decl. Ex. 4. A true and correct copy of counsel's Notice of Appearance on behalf of Defendant is attached as **Exhibit 5**. Asghar Decl. Ex. 5.

3.    The remaining state court records will be filed within fourteen (14) days pursuant to Local Civil Rule 101(c).

4.    On December 22, 2023, Plaintiff first effected service of the Summons and Complaint in this action on Defendant through its registered agent for service of process in the State of Washington, CT Corporation System. Asghar Decl. Ex. 4.

5.    By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of all process and proceedings served upon Defendant in the state court proceeding.

### III.    DIVERSITY OF CITIZENSHIP

6.    For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his permanent home, where she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). On information and belief, at the time this action

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 3

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

was commenced, and at all times relevant to the allegations set forth in the complaint, Plaintiff was Plaintiff was a resident of Spokane County, Washington, and citizens of the state of Washington. Ex. 1, ¶ 1.1.

7.      For diversity purposes, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Asurion, LLC is incorporated under the laws of Delaware, with its headquarters and principal place of business located in Tennessee. Accordingly, for purposes of diversity of citizenship, Defendant is not a citizen of Washington). *Johnson*, 437 F.3d at 899.

## IV.    AMOUNT IN CONTROVERSY

8.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. For the reasons set forth below, Defendant avers that the amount in controversy exceeds $75,000.

9.      A notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 4

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

81, 83 (2014) (*citing* 28 U.S.C. §1446(a)). Moreover, Defendant need not submit evidence to support its notice of removal. *Id.* at 84. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. at 87 ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). However, even if an evidentiary showing were required, Defendant only needs to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id*. at 88. "Generally, the amount in controversy is determined from the face of the pleadings." *Homesite Ins. Co. of the Midwest v. Howell*, 2:21-cv-01389-JHC, 2022 WL 4315699 at *2 (W.D. Wash. Sep. 19, 2022). However, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Kitchen v. First Student Inc.*, No. 3:20-cv-05658-RAJ, 2020 WL 6537527, at *1 (W.D. Wash. Nov. 6, 2020) (quoting *Lewis v. Verizon Commc'ns*, *Inc*., 627 F.3d 395, 400 (9th Cir. 2010)).

10.    Plaintiff's Complaint alleges that Defendant "unlawfully terminated Plaintiff's employment due to alleged unapproved absences from March 1, 2022, through April 9, 2022, despite Plaintiff being on protected leave pursuant to the WPFMLA." Ex. 1, ¶ 3.15. Plaintiff alleges two causes of action against Defendant: (1) violation of the Washington paid Family and Medical Leave Act, RCW 50A.35

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 5

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

*et seq.*; and, (2) pregnancy discrimination in violation of the Washington Law Against Discrimination. Ex. 1, ¶ 4.1 *et seq.*, ¶ 4.2 *et seq.*

11.    Based on these factual allegations, Plaintiff seeks "lost past and future wages and benefits in an amount to be proven at trial," "judgement against Defendant for general damages in an amount to be proven at trial," "an award of prejudgment interest to the extent allowed by law," and "such other and further relief as the Court deems appropriate." Ex. 1, ¶¶ 5.1–5.4 ("Request for Relief").

12.    The Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure by plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply be declining . . . to place a specific dollar value upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996) (holding that where plaintiff's state court complaint does not specify a particular amount of damages, defendant bears the burden of establishing by a

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 6

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

preponderance of the evidence of the amount in controversy); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, the defendant must only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Monumental Life Ins. Co.*, 102 F.3d at 404

13.     Based on the factual allegations, Plaintiff seeks damages on her claims of violation of the Washington Paid Family and Medical Leave Act ("WPFMLA)") (RCW 50A.35 *et seq*.) and pregnancy discrimination in violation of Washington's Law Against Discrimination ("WLAD") (RCW 49.60 *et seq*.). Ex. 1 ¶¶ 4.1–4.2. Settlements in jury verdicts in analogous cases are sufficient to satisfy the amount in controversy requirement for removal of this action to federal court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Plaintiffs alleging similar claims in recent cases have been awarded jury verdicts well in excess of $75,000. *See Bengtsson v. Sunnyworld Int'l, Inc. et al.*, Case No. 2017-2-21987-8, 2018 WL 6815005 (Wash. Super. Aug. 31, 2018) (jury award of $838,224 in damages for claims of pregnancy discrimination and wrongful termination); *Stumpf v. Rural/Metro Corp. of Greater Seattle et al.*, No. 16-2-29614-9 SEA, 2018 WL 5636020 (Wash. Super. May 7, 2018) (damages of $415,000 awarded to Plaintiff alleging, *inter alia*, claims of gender and pregnancy discrimination under the

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 7

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

WLAD); *EEOC v. Life Care Centers of Am. et al*, 2:18CV01411, 2019 WL 7878042 (W.D. Wash. Dec. 23, 2019) (settlement of $170,000 paid to plaintiff for claims under Title VII and the Pregnancy Discrimination Act).

14.    Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000, even before the addition of attorneys' fees or costs, which would be recoverable in conjunction with any successful claim brought by a plaintiff pursuant to Chapter 49.60 RCW (the basis for Plaintiff's alleged causes of action). For these reasons, Plaintiff's requests for relief, in the aggregate, exceed the $75,000 requirement for federal jurisdiction over this matter under 28 U.S.C. § 1332(a).

## V.    TIMELINESS AND VENUE

15.    Plaintiff's Complaint constitutes the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with the Complaint on December 22, 2023. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal within thirty (30) days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Murphy*

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 8

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

*Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

16.    Venue is proper (for purposes of removal) in the Eastern District of Washington because this is the court for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a). Venue is proper at Spokane (for purposes of removal) because the cause of action arose, and the action is pending, in Spokane County Superior Court.

## VI.    NOTICE TO PLAINTIFF AND STATE COURT

17.    Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of Spokane, because Plaintiff commenced this action and filed her Complaint with the Superior Court.

## VII.    RESERVATION OF RIGHTS

18.    Nothing in this Notice of Removal is intended to waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 9

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

WHEREFORE, Defendant respectfully requests that this action now pending in the Spokane County Superior Court, State of Washington, be removed to the United States District Court for the Eastern District of Washington at Spokane.

Dated: January 22, 2024

*Alyesha Asghar Dotson*
Alyesha Asghar Dotson, WSBA #55122
adotson@littler.com
J.P. Dowdle, WSBA #55672
jdowdle@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone:        (206) 623.3300
Fax:   (206) 447.6965
*Attorneys for Defendant*

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 10

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on January 22, 2024, I electronically filed the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Attorney for Plaintiff**

Michelle K. Fossum, WSBA #20249
SAYRE SAYRE & FOSSUM, P.S.
201 W. North Drive, Suite 460
Spokane, WA 99201
Phone:      (509) 325-7330
Fax:          (509) 325-7334
Email: michelle@sayrelaw.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on January 22, 2024, at Seattle, Washington.

/s/ Katie Angelikis
Katie Angelikis
kangelikis@littler.com
**LITTLER MENDELSON, P.C.**

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 11

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122