1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

7

ALEXIS ROCHA, a married woman,

Plaintiff,

Case No. 2:24-cv-0017-TOR

8

v.

9

ASURION, LLC, a foreign limited
liability company,

**STIPULATED PROTECTIVE
ORDER AND ER 502(D) AND (E)
CLAWBACK AGREEMENT**

10

Defendant.

11

## 1.    PURPOSES AND LIMITATIONS

12

Discovery in this action is likely to involve production of confidential, proprietary,

13

or private information for which special protection may be warranted. Accordingly,

14

the parties hereby stipulate to and petition the court to enter the following Stipulated

15

Protective Order. The parties acknowledge that this agreement is consistent with

16

LCR 26(c). It does not confer blanket protection on all disclosures or responses to

17

discovery, the protection it affords from public disclosure and use extends only to

18

the limited information or items that are entitled to confidential treatment under the

19

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1   applicable legal principles, and it does not presumptively entitle parties to file

2   confidential information under seal.

3   2.    "CONFIDENTIAL" MATERIAL

4   "Confidential" material shall include the following documents and tangible things

5   produced or otherwise exchanged: Plaintiff's medical records, including

6   submissions supporting her request for medical/parental leave by health care

7   personnel.

8   3.    SCOPE

9   The protections conferred by this agreement cover not only confidential material (as

10  defined above), but also (1) any information copied or extracted from confidential

11  material; (2) all copies, excerpts, summaries, or compilations of confidential

12  material; and (3) any testimony, conversations, or presentations by parties or their

13  counsel that might reveal confidential material.

14  However, the protections conferred by this agreement do not cover information that

15  is in the public domain or becomes part of the public domain through trial or

16  otherwise.

17  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

18        4.1    Basic Principles. A receiving party may use confidential material that

19  is disclosed or produced by another party or by a non-party in connection with this

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 2

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1  case only for prosecuting, defending, or attempting to settle this litigation.

2  Confidential material may be disclosed only to the categories of persons and under

3  the conditions described in this agreement. Confidential material must be stored and

4  maintained by a receiving party at a location and in a secure manner that ensures that

5  access is limited to the persons authorized under this agreement.

6       4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

7  otherwise ordered by the court or permitted in writing by the designating party, a

8  receiving party may disclose any confidential material only to:

9             (a)    the receiving party's counsel of record in this action, as well as

10  employees of counsel to whom it is reasonably necessary to disclose the

11  information for this litigation;

12            (b)    the parties to the litigation, including the officers, directors, and

13  employees (including in house counsel) of the receiving party to whom

14  disclosure is reasonably necessary for this litigation, unless the parties agree

15  that a particular document or material produced is for Attorney's Eyes Only

16  and is so designated;

17            (c)    experts and consultants to whom disclosure is reasonably

18  necessary for this litigation and who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 3

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

1      (d)     the court, court personnel, and court reporters and their staff;

2      (e)     copy or imaging services retained by counsel to assist in the

3   duplication of confidential material, provided that counsel for the party

4   retaining the copy or imaging service instructs the service not to disclose any

5   confidential material to third parties and to immediately return all originals

6   and copies of any confidential material;

7      (f)     during their depositions, witnesses in the action to whom

8   disclosure   is   reasonably   necessary   and   who   have   signed   the

9   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

10   otherwise agreed by the designating party or ordered by the court. Pages of

11   transcribed deposition testimony or exhibits to depositions that reveal

12   confidential material must be separately bound by the court reporter and may

13   not be disclosed to anyone except as permitted under this agreement;

14      (g)     the author or recipient of a document containing the information

15   or a custodian or other person who otherwise possessed or knew the

16   information.

17      4.3    <u>Filing Confidential Material</u>. Before filing confidential material or

18   discussing or referencing such material in court filings, the filing party shall confer

19   with the designating party, to determine whether the designating party will remove

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 4

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1  the confidential designation, whether the document can be redacted, or whether a

2  motion to seal or stipulation and proposed order is warranted. During the meet and

3  confer process, the designating party must identify the basis for sealing the specific

4  confidential information at issue, and the filing party shall include this basis in its

5  motion to seal, along with any objection to sealing the information at issue. Local

6  Civil Rule 5(g) sets forth the procedures that must be followed and the standards that

7  will be applied when a party seeks permission from the court to file material under

8  seal. A party who seeks to maintain the confidentiality of its information must satisfy

9  the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

10  motion to seal. Failure to satisfy this requirement will result in the motion to seal

11  being denied, in accordance with the strong presumption of public access to the

12  Court's files.

13  5.  DESIGNATING PROTECTED MATERIAL

14      5.1  Exercise of Restraint and Care in Designating Material for Protection.

15  Each party or non-party that designates information or items for protection under

16  this agreement must take care to limit any such designation to specific material that

17  qualifies under the appropriate standards. The designating party must designate for

18  protection only those parts of material, documents, items, or oral or written

19  communications that qualify, so that other portions of the material, documents,

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 6

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    a portion or portions of the material on a page qualifies for protection, the

2    producing party also must clearly identify the protected portion(s) (e.g., by

3    making appropriate markings in the margins).

4        (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>:

5    the parties and any participating non-parties must identify on the record,

6    during the deposition or other pretrial proceeding, all protected testimony,

7    without prejudice to their right to so designate other testimony after reviewing

8    the transcript. Any party or non-party may, within fifteen days after receiving

9    the transcript of the deposition or other pretrial proceeding, designate portions

10   of the transcript, or exhibits thereto, as confidential. If a party or non-party

11   desires to protect confidential information at trial, the issue should be

12   addressed during the pre-trial conference.

13       (c)   <u>Other tangible items</u>: the producing party must affix in a

14   prominent place on the exterior of the container or containers in which the

15   information or item is stored the word "CONFIDENTIAL." If only a portion

16   or portions of the information or item warrant protection, the producing party,

17   to the extent practicable, shall identify the protected portion(s).

18   5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

19   failure to designate qualified information or items does not, standing alone, waive

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 7

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    the designating party's right to secure protection under this agreement for such

2    material. Upon timely correction of a designation, the receiving party must make

3    reasonable efforts to ensure that the material is treated in accordance with the

4    provisions of this agreement.

5    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6        6.1    Timing of Challenges. Any party or non-party may challenge a

7    designation of confidentiality at any time. Unless a prompt challenge to a

8    designating party's confidentiality designation is necessary to avoid foreseeable,

9    substantial unfairness, unnecessary economic burdens, or a significant disruption or

10   delay of the litigation, a party does not waive its right to challenge a confidentiality

11   designation by electing not to mount a challenge promptly after the original

12   designation is disclosed.

13       6.2    Meet and Confer. The parties must make every attempt to resolve any

14   dispute regarding confidential designations without court involvement. Any motion

15   regarding confidential designations or for a protective order must include a

16   certification, in the motion or in a declaration or affidavit, that the movant has

17   engaged in a good faith meet and confer conference with other affected parties in an

18   effort to resolve the dispute without court action. The certification must list the date,

19

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 8

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    or order is subject to this agreement. Such notification shall include a copy of this

2    agreement; and

3        (c)    cooperate with respect to all reasonable procedures sought to be

4    pursued by the designating party whose confidential material may be affected.

5    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6    If a receiving party learns that, by inadvertence or otherwise, it has disclosed

7    confidential material to any person or in any circumstance not authorized under this

8    agreement, the receiving party must immediately (a) notify in writing the designating

9    party of the unauthorized disclosures, (b) use its best efforts to retrieve all

10    unauthorized copies of the protected material, (c) inform the person or persons to

11    whom unauthorized disclosures were made of all the terms of this agreement, and

12    (d) request that such person or persons execute the "Acknowledgment and

13    Agreement to Be Bound" that is attached hereto as Exhibit A.

14    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15    PROTECTED MATERIAL

16        When a producing party gives notice to receiving parties that certain

17    inadvertently produced material is subject to a claim of privilege or other protection,

18    the obligations of the receiving parties are those set forth in Federal Rule of Civil

19    Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 10

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    may be established in an e-discovery order or agreement that provides for production

2    without prior privilege review. The parties agree to the entry of a non-waiver order

3    under Fed. R. Evid. 502(d) as set forth herein. The parties agree to protection of

4    privileged and otherwise protected documents against claims of waiver (including

5    as against third parties and in other federal and state proceedings) as follows:

6        (a)    The disclosure or production of documents by a producing party

7    subject to a legally recognized claim of privilege, including without limitation the

8    attorney-client privilege and the work-product doctrine, to a receiving party, shall in

9    no way constitute the voluntary disclosure of such document.

10       (b)    The inadvertent disclosure or production of any document in this

11   action shall not result in the waiver of any privilege, evidentiary protection, or other

12   protection associated with such document as to the receiving party or any third

13   parties, and shall not result in any waiver, including subject matter waiver, of any

14   kind.

15       (c)    If, during the course of this litigation, a party determines that any

16   document produced by another party is or may reasonably be subject to a legally

17   recognizable privilege or evidentiary protection ("Protected Document"):

18           (i)    the receiving party shall: (A) refrain from reading the

19   Protected Document any more closely than is necessary to ascertain that it is

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 11

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1   privileged or otherwise protected from disclosure; (B) immediately notify the

2   producing party in writing that it has discovered documents believed to be privileged

3   or protected; (C) specifically identify the Protected Documents by Bates number

4   range or hash value; and, (D) within ten days of discovery by the receiving party,

5   return, sequester, or destroy all copies of such Protected Documents, along with any

6   notes, abstracts, or compilations of the content thereof.  To the extent that a Protected

7   Document has been loaded into a litigation review database under the control of the

8   receiving party, the receiving party shall have all electronic copies of the Protected

9   Document extracted from the database.  Where such Protected Documents cannot

10  be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used

11  by the receiving party.  Notwithstanding, the receiving party is under no obligation

12  to search or review the producing party's documents to identify potentially

13  privileged or work product Protected Documents.

14          (ii)    If the producing party intends to assert a claim of privilege

15  or other protection over documents identified by the receiving party as Protected

16  Documents, the producing party will, within ten days of receiving the receiving

17  party's written notification described above, inform the receiving party of such

18  intention in writing and shall provide the receiving party with a log for such

19  Protected Documents that is consistent with the requirements of the Civil Rules,

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 12

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1   setting forth the basis for the claim of privilege or other protection.  In the event that

2   any portion of a Protected Document does not contain privileged or protected

3   information, the producing party shall also provide to the receiving party a redacted

4   copy of the document that omits the information that the producing party believes is

5   subject to a claim of privilege or other protection.

6          (d)    If, during the course of this litigation, a party determines it has

7   produced a Protected Document:

8                 (i)    the producing party may notify the receiving party of such

9   inadvertent production in writing, and demand the return of such documents.  Such

10  notice shall be in writing; however, it may be delivered orally on the record at a

11  deposition, promptly followed up in writing.  The producing party's written notice

12  will identify the Protected Document inadvertently produced by Bates number range

13  or hash value, the privilege or protection claimed, and the basis for the assertion of

14  the privilege and shall provide the receiving party with a log for such Protected

15  Documents that is consistent with the requirements of the Civil Rules, setting forth

16  the basis for the claim of privilege or other protection.  In the event that any portion

17  of the Protected Document does not contain privileged or protected information, the

18  producing party shall also provide to the receiving party a redacted copy of the

19

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 13

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1   document that omits the information that the producing party believes is subject to

2   a claim of privilege or other protection.

3              (ii)    The receiving party must, within ten days of receiving the

4   producing party's written notification described above, return, sequester, or destroy

5   the Protected Document and any copies, along with any notes, abstracts, or

6   compilations of the content thereof.  To the extent that a Protected Document has

7   been loaded into a litigation review database under the control of the receiving party,

8   the receiving party shall have all electronic copies of the Protected Document

9   extracted from the database.

10             (e)    To the extent that the information contained in a Protected

11  Document has already been used in or described in other documents generated or

12  maintained by the receiving party prior to the date of receipt of written notice by the

13  producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party

14  shall sequester such documents until the claim has been resolved.  If the receiving

15  party disclosed the Protected Document before being notified of its inadvertent

16  production, it must take reasonable steps to retrieve it.

17             (f)    The receiving party's return, sequestering, or destruction of

18  Protected Documents as provided herein will not act as a waiver of the requesting

19  party's right to move for the production of the returned, sequestered, or destroyed

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 14

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

       (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

       (ii)   the disclosure of the Protected Documents was not inadvertent;

       (iii)  the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

       (iv)  the producing party failed to take reasonable or timely steps to rectify the error.

    (g)   Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's order.

    (h)   Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1   receiving party, and subject to the exceptions outlined in Paragraph 10 below, the

2   Protected Documents shall be returned or destroyed within 10 days of the Court's

3   order. The Court may also order the identification by the receiving party of

4   Protected Documents by search terms or other means.

5         (i)   Nothing contained herein is intended to, or shall serve to limit a

6   party's right to conduct a review of documents, data (including electronically stored

7   information), and other information, including without limitation, metadata, for

8   relevance, responsiveness, and/or the segregation of privileged and/or protected

9   information before such information is produced to another party.

10         (j)   By operation of the parties' agreement, the parties are

11   specifically afforded the protections of Evid. R. 502(e).

12   10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

13         (a)   Within 60 days after the termination of this action, including all

14   appeals, each receiving party must return all confidential material to the producing

15   party, including all copies, extracts and summaries thereof. Alternatively, the parties

16   may agree upon appropriate methods of destruction.

17         (b)   If Confidential material or Protected Documents have been loaded into

18   any litigation review database, the attorney for the party using such database shall

19   have the responsibility of ensuring that all such Confidential material or Protected

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 16

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1  Documents, including all associated images and native files, are extracted from such

2  databases (including any associated staging databases) and destroyed. "Destroyed"

3  shall mean deletion of documents from all databases, applications, and/or file

4  systems in a manner such that they are not readily accessible without the use of

5  specialized tools or techniques typically used by a forensic expert.

6      (c)    Notwithstanding the preceding paragraph, counsel are entitled to retain

7  one archival copy of all documents filed with the Court, trial, deposition, and hearing

8  transcripts, correspondence, deposition and trial exhibits, expert reports, attorney

9  work product, discovery requests and responses, and consultant and expert work

10  product, even if such materials contain confidential material. Such copies shall

11  remain subject to the terms of this Protective Order.

12      (d)    The parties, counsel of record for the parties, and experts or consultants

13  for a party shall not be required to return or to destroy any Confidential material or

14  Protected Documents to the extent such information is (i) stored on media that is

15  generally considered not reasonably accessible, such as disaster recovery backup

16  tapes, or (ii) only retrievable through the use of specialized tools or techniques

17  typically used by a forensic expert; provided that to the extent any Confidential

18  material or Protected Documents are not returned or destroyed due to the foregoing

19

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 17

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    reasons, such Confidential material or Protected Documents shall remain subject to

2    the confidentiality obligations of this Protective Order.

3          The confidentiality obligations imposed by this agreement shall remain in

4    effect until a designating party agrees otherwise in writing or a court orders

5    otherwise.

6    11.    COMPUTATION OF TIME

7          The computation of any period of time prescribed or allowed by this Order

8    shall be governed by the provisions for computing time set forth in Civil Rule 6.

9    12.    EFFECT OF STIPULATION

10   Once all parties have agreed to this Stipulation, they shall treat it as binding.

11   However, notwithstanding the parties agreement to this Stipulation, pursuant to 45

12   C.F.R. § 164.512(e)(1)(v), the parties are under no obligation to produce protected

13   health information under HIPAA until the Court approves and enters this Order.

14        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15   DATED:      June 26, 2024          */s/ Michelle K. Fossum*
                                        Michelle K. Fossum, WSBA #20249
16                                      michelle@sayrelaw.com
                                        SAYRE SAYRE & FOSSUM, P.S.
                                        201 W. North Drive, Suite 460
17                                      Spokane, WA 99201
                                        Phone:      (509) 325-7330
                                        Fax:        (509) 325-7334
18

19                                      *Attorneys for Plaintiff*

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 18

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

/s/ Alyesha Asghar Dotson
Alyesha Asghar Dotson, WSBA #55122
adotson@littler.com
J.P. Dowdle, WSBA #55672
jdowdle@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone:       (206) 623.3300
Fax:         (206) 447.6965

*Attorneys for Defendant*

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the

3    production of any documents, electronically stored information (ESI) or

4    information, whether inadvertent or otherwise, in this proceeding shall not, for the

5    purposes of this proceeding or any other federal or state proceeding, constitute a

6    waiver by the producing party of any privilege applicable to those documents,

7    including the attorney-client privilege, attorney work-product protection, or any

8    other privilege or protection recognized by law. This Order shall be interpreted to

9    provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions

10   of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or

11   shall serve to limit a party's right to conduct a review of documents, ESI or

12   information (including metadata) for relevance, responsiveness and/or segregation

13   of privileged and/or protected information before production.  Information produced

14   in discovery that is protected as privileged or work product shall be immediately

15   returned to the producing party.

16        DATED: June 27, 2024.

17   

18        THOMAS O. RICE
     UNITED STATES DISTRICT JUDGE

19

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Western

District of Washington on [date] in the case of *ALEXIS ROCHA v. ASURION, LLC*,

Case No. 2:24-cv-00017-TOR. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

/ /

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 21

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

1    Date: _____

2    City and State where sworn and signed: _____

3    Printed name: _____

4    Signature: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

STIPULATED PROTECTIVE ORDER AND
ER 502(D) AND (E) CLAWBACK AGREEMENT - 22

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122